Filed 7/17/24  P. v. Greenspon CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B327814 |
| | (Super. Ct. No. 1011641) |
| Plaintiff and Respondent, | (Santa Barbara County) |
| v. | |
| BENJAMIN JAMES GREENSPON, | |
| Defendant and Appellant. | |

Benjamin Greenspon appeals from a postconviction "resentencing" hearing (Pen. Code, § 1172.75) which led the trial court to reduce appellant's sentence by two years.  This translated to appellant still having to serve five consecutive 25 year to life "Three Strikes" (125 years to life) sentences plus five years for a prior serious felony conviction.  He contends that the trial court abused its discretion in not striking at least one of the Three Strike priors which was a premise for the Three Strikes sentences.  He wants to be treated as a two-strike offender which will only double his sentences on the consecutive counts and make him eligible for parole in the future.  He has served 22

years in prison already. He also seeks retroactive application of the Three Strikes reform statute as to his conviction for felony evading an officer. (Veh. Code, § 2800.2, subd. (a).) He prays for reversal. Our answer is, No. But we utilize Penal Code section 1260 which alleviates the need for another "resentencing hearing."

Appellant's criminal history is rife with robbery convictions. His two priors in federal court were for robbery of banks. Then, in Santa Barbara County, he committed two more robberies for which the Three Strikes sentences were imposed. Thus, he "earned" treatment pursuant to the Three Strikes sentencing scheme. We need not elaborate on the facts and circumstances of these robberies or the other counts of robbery for which concurrent terms were imposed. Also, we need not elaborate on appellant's other extensive criminal history. Appellant told the trial court that he apologizes for his prior behavior and that he is not the same man who committed those crimes in his youth. He also advised the trial court of his medical problems and his "good behavior" in prison.

Nonetheless, the decision to grant relief for the consecutive robbery Three Strike sentences was addressed to the trial court's sound discretion. The rules attendant to abuse of discretion are well known and need not be repeated. (See *People v. Clancey* (2013) 56 Cal.4th 562, 581; *People v. Carmony* (2004) 33 Cal.4th 367, 378; *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449.) Appellant has not demonstrated an abuse of discretion. The trial court was aware of the controlling rules, the facts and circumstances of the crimes, and appellant's theoretically mitigating claims. Essentially, he asks us to "second guess" the

2

trial court's discretionary call. We will not do so despite the impassioned plea for sentence reduction.

As to the Three Strikes sentence for felony evading, both appellant and respondent contend that the matter must be remanded. We need not, and do not opine on the merits of this claim. What purpose would be served even if appellant were to prevail at a felony evading resentencing? He would still be serving a 105 years-to-life sentence. Penal Code section 1260 gives the Court of Appeal broad power to modify the judgment, and any aspect of the sentence. We do so now.[1] The sentence thereon is reduced to the middle two-year term, to be served concurrently with the 105-year remaining sentence.

*Disposition*

The judgment is modified to show a two-year concurrent sentence on the felony evading conviction and sentence. As so modified, the judgment (sentence of 105 years to life) is affirmed. The trial court is ordered to amend its abstract of judgment to show our modification of the sentence for the felony evading conviction, thereon. The trial court is further ordered to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

---

[1] "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." (Pen. Code, §1260.)

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

Thomas R. Adams, Judge

Superior Court County of Santa Barbara

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defenant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.